F I L E D
Clerk
District Court

JAN 1 1 2008

For The Northern Mariana Islands
By_____
(Deputy Clerk)

UNITED STATES DISTRICT COURT
NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal Case No. **08 - 00001** |
| Plaintiff, ) | |
| ) | **I N D I C T M E N T** |
| v. ) | |
| ARRIOLA, JOSEPH ALDAN, and ) PELISAMEN, LUIS KAIPAT, ) | Title 18, U.S.C. § 371--Conspiracy Wire Fraud (Ct. 1); Title 18, U.S.C. § 1343--Wire Fraud (Ct. 2); Title 18, U.S.C. § 1956(h)--Money Laundering Conspiracy (Ct. 3); Title 18, U.S.C. § 1957--Money Laundering (Cts. 4 and 5); Title 18, U.S.C. § 2--Aiding and Abetting; Title 18, U.S.C. § 981(a)(1)(C) and Title 28, U.S.C. § 2461(c)--Forfeiture. |
| Defendants. ) | |

THE GRAND JURY CHARGES THAT:

**COUNT ONE**

CONSPIRACY TO COMMIT WIRE FRAUD

Introduction

1. From in or about September 2005 and continuing to in or about May 2006, the defendants Luis Kaipat PELISAMEN and Joseph Aldan ARRIOLA, within the District of the Northern Mariana Islands and elsewhere, together with others known and unknown to the Grand Jury, unlawfully, wilfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit offenses against the United States, to wit: wire fraud, in violation of Title 18, United States Code, Sections 1343 and 371.

## The Scheme

2. On or about September 27, 2005, defendant PELISAMEN, the court-appointed administrator for the estates of Rita Kaipat (the "Kaipat Estate") and Vicenta Kaipat (mother of Rita Kaipat), hired defendant ARRIOLA to serve as counsel to the administrator.

3. By order of the Commonwealth Superior Court, defendant PELISAMEN had already received compensation in the amount of One Hundred and Sixty One Thousand, Five Hundred Dollars ($161,500) as complete payment for his services as administrator. PELISAMEN was entitled to receive no further distributions from the Kaipat Estate account, excepting any distribution to which he was entitled as a rightful heir.

4. ARRIOLA had no right to compensation from the Kaipat Estate account.

5. Maria Estrella Dela Cruz Pelisamen, wife of defendant PELISAMEN, had no right to compensation from the Kaipat Estate account, either as an heir or otherwise.

6. Pursuant to their responsibilities as fiduciaries, any check drawn against the Kaipat Estate account required the endorsement of both ARRIOLA and PELISAMEN.

7. By order of the Commonwealth Superior Court, the administrator of the Kaipat Estate was required to obtain authorization from the court prior to withdrawing any money from the Kaipat Estate account.

8. Over the next several months, defendants ARRIOLA and PELISAMEN worked together to take money from the Kaipat Estate account, money to which they had no lawful claim.

Overt Acts in Furtherance of the Scheme

9.  On or about November 28, 2005, defendants PELISAMEN and ARRIOLA transferred funds belonging to the Kaipat Estate from the Bank of Guam to the Bank of Hawaii, thereby causing communications by wire between Saipan, in the Northern Mariana Islands, and Honolulu, Hawaii.

10. From on or about November 30, 2005, and continuing through May 10, 2006, defendants ARRIOLA and PELISAMEN, acting together and in violation of the order described in paragraph 7, improperly drafted approximately sixty-six (66) checks from the Kaipat Estate account.

11. During the course of the scheme, defendants PELISAMEN and ARRIOLA drafted checks totaling approximately Two Hundred and Nineteen Thousand Dollars ($219,000), drawn against the Kaipat Estate account and made payable to ARRIOLA, who either received cash, or deposited some or all of each check into a personal bank account.

12. During the course of the scheme, defendants PELISAMEN and ARRIOLA drafted checks totaling approximately Three Hundred Eighty Six Thousand, Five Hundred Dollars ($386,500), drawn against the Kaipat Estate account and made payable to PELISAMEN or to his wife Maria Estrella Dela Cruz Pelisamen. Such checks were either cashed, or in one instance, deposited into an account belonging to Maria Estrella Dela Cruz Pelisamen.

13. On December 15, 2005, defendants PELISAMEN and ARRIOLA drafted a check in the amount of Ten Thousand Dollars ($10,000.00) drawn against the Kaipat Estate account, the purpose of said check being a down payment for the purchase of a 2005 Nissan Frontier from Joeten Motors Company by defendant PELISAMEN.

14. On December 20, 2005, defendants PELISAMEN and ARRIOLA drafted a second check in the amount of Ten Thousand, Seventy-Five Dollars ($10,075.00) drawn against the Kaipat Estate account, as further payment for the 2005 Nissan Frontier.

## COUNT TWO
### WIRE FRAUD

15. The Grand Jury realleges, adopts and incorporates by reference herein, the allegations contained in paragraphs one (1) through fourteen (14) as if fully set forth herein.

16. On or about November 28, 2005, having devised and intending to devise the foregoing scheme and artifice to defraud and for obtaining money and property by means of false pretenses, representations, and promises, defendants Luis Kaipat PELISAMEN and Joseph Aldan ARRIOLA, within the District of the Northern Mariana Islands and elsewhere, for the purpose of executing such scheme and artifice and attempting to do so, caused to be transmitted, certain signals and sounds by means of wire or radio communications in interstate and foreign commerce, to wit: a special clearing on a cashier check in the amount of One Million, Three Hundred Seventy-Seven Thousand and Fifty Eight Dollars and Thirty-Nine Cents ($1,377,058.39), that required electronic communications between the Commonwealth of the Northern Mariana Islands and Honolulu, Hawaii, in violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT THREE
### MONEY LAUNDERING CONSPIRACY

17. The Grand Jury realleges, adopts and incorporates by reference herein, the allegations contained in paragraphs one (1) through sixteen (16) as if fully set forth herein.

18. From in or about November 2005 and continuing to in or about May 2006 defendants Luis Kaipat PELISAMEN and Joseph Aldan ARRIOLA, within the District of the Northern Mariana Islands and elsewhere, together with others known and unknown to the Grand Jury, knowing that the property involved in financial transactions represented the proceeds of some form of unlawful activity, did knowingly and intentionally conspire to conduct such financial transactions affecting interstate and foreign commerce, which transactions in fact involved the proceeds of specified unlawful activity, namely, wire fraud, in violation of Title 18, United States Code, Section 1343, and with the intent to promote the carrying on of specified unlawful activity, namely, the wire fraud scheme described in Count Two of this Indictment, in violation of Title 18, United States Code, Section 1956(h).

## COUNTS FOUR AND FIVE
### MONEY LAUNDERING

19. The Grand Jury realleges, adopts and incorporates by reference herein, the allegations contained in paragraphs one (1) through eighteen (18) as if fully set forth herein.

20. On or about the dates set forth below, defendants Luis Kaipat PELISAMEN and Joseph Aldan ARRIOLA, within the District of the Northern Mariana Islands and elsewhere, together with others known and unknown to the Grand Jury, knowing that the property

involved in financial transactions represented the proceeds of some form of unlawful activity, did knowingly and intentionally conduct and attempt to conduct such financial transactions affecting interstate and foreign commerce, which transactions in fact involved the proceeds of specified unlawful activity, namely, wire fraud, in violation of Title 18, United States Code, Section 1343, and with the intent to promote the carrying on of specified unlawful activity, namely, the wire fraud scheme described in Count Two, in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and 2:

| COUNT | DATE | FINANCIAL TRANSACTION |
|---|---|---|
| **FOUR** | December 15, 2005 | $10,000 check to Joeten Motors Company drawn against account of Kaipat Estate |
| **FIVE** | December 20, 2005 | $10,075 check to Joeten Motors Company drawn against account of Kaipat Estate |

## FORFEITURE ALLEGATION

21. The Grand Jury realleges, adopts and incorporates by reference herein, the allegations contained in paragraphs one (1) through twenty (20) as if fully set forth herein.

22. Upon conviction of one or more of the offenses alleged in Counts One through Five of this Indictment, defendants Luis Kaipat PELISAMEN and Joseph Aldan ARRIOLA shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28 United States Code, Section 2461(c), any property constituting or derived from proceeds traceable to said violations, including but not limited to the 2005 Nissan Frontier referred to in Counts Four and Five of this Indictment, and any sum of moneys determined to be proceeds of the crimes described in Counts One through Five.

23. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    had been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendants up to the value of the forfeitable property described above.

Dated this 11th day of January 2008.

A TRUE BILL.

_____
Foreperson

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

By: _____
ERIC S. O'MALLEY
Assistant United States Attorney